**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**HAZEL GUSTAFSON**                                         **CIVIL ACTION**

**VERSUS**                                                          **NO. 06-8978**

**UNITED FIRE & CASUALTY**                          **SECTION: "C"**
**COMPANY, INDEPENDENT**
**INSURANCE ASSOCIATES, INC., AND**
**INDEPENDENT INSURANCE**
**ASSOCIATES, INC.**

<u>**ORDER AND REASONS**</u>

Before this Court is a Motion to Remand filed by Plaintiff, Hazel Gustafson

("Gustafson") (Rec. Doc. 3).  Defendants, United Fire and Casualty Company and Lafayette

Insurance Company ("Defendants") opposes the motion, alleging jurisdiction under the 28

U.S.C. §§ 1369, 1441(e)(1)(b).  The motion is before the Court on the briefs, without oral

argument.  Having considered the memoranda of counsel, the record, and the applicable law, the

Court finds that the Motion to Remand is **GRANTED.**

**I.       BACKGROUND**

Plaintiff, domiciled in the State of Louisiana,  filed her original Petition on August 25,

2006 in the 34th Judicial District Court for the Parish of Plaquemines, against the defendant,

United Fire and Casualty Company, having its domicile outside of the State of Louisiana, and

Independent Insurance Associates, Inc., domiciled in the State of Louisiana.  Plaintiffs have

signed an irrevocable stipulation that damages, including penalties, attorney fees and court costs, are less than $75,000.00.[1]

United Fire and Casualty removed this matter to this court on October 19, 2006, relying on jurisdiction pursuant to 28 U.S.C. §1369 and 28  U.S.C. §1441(e)(1).  Arguing that there is no basis for federal jurisdiction, the plaintiff filed the Motion to Remand at issue.  The defendants oppose the motion.

**II.    ANALYSIS**

**Jurisdicion under the Multiparty, Multiforum Trial Jurisdicion Act (MMTJA)**

The defendants allege that this court has jurisdiction under 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"),[2]  and 28 U.S.C. § 1441(e)(1), which provides that, should a state court action arise out of the same event as a class action and the class action is one that could have been brought under the MMTJA, then the state court action may be removed to federal court.

This Court has not found Hurricane Katrina to be an "accident" under the terms of the MMTJA.  In *Flint v. Louisiana Farm Bureau Ins. Co*., 2006 WL 2375593, *3 (E.D.La. 2006), Judge Duval stated that the Fifth Circuit Court of Appeals never reached the conclusion that

---

[1] The Court assumes that the stipulation refers to the amount in controversy on the date of removal.

[2] The MMTJA provides in relevant part:

    (a) **In general.**  The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location if: (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place; (2) any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or (3) substantial parts of the accident took place in different States.

    (b) **Limitation of jurisdiction of district courts**. The district court shall abstain from hearing any civil action described in subsection (a) in which: (1) the substantial majority of the plaintiffs are citizens of a single State of which the primary defendants are also citizens; and (2) the claims asserted will be governed primarily by state law.

Hurricane Katrina met the definition of an accident under § 1369. Furthermore, Judge Duval ruled that the individual levee breaks could be accidents by the terms of the statute, but that the hurricane itself was not. *Id.* Other Judges in this district agree with Judge Duval's reasoning. See, *Southern Athletic Club, LLC v. Hanover Ins. Co.*, 2006 WL 2583406, *6 (E.D.La. 2006) (J. Lemmon); *Berry v. Allstate Ins. Co.*, 2006 WL 2710588, *3 (E.D.La. 2006) (J. Zainey); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013, *3 (E.D.La. 2006) (J. Lemelle); *Southall v. St. Paul Travelers Ins. Co. et. al.,* 2006 WL 2385365, *5 (E.D.La. 2006) (J. Barbier). This Court agrees that Hurricane Katrina was not an "accident" within the terms of § 1369. Therefore, the defendants cannot rely on the MMTJA for federal subject matter jurisdiction.

### III.    CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiff's Motion to Remand is **GRANTED**.

New Orleans, Louisiana, this __6th__ day of February, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE